CASE stated. Thomas Stockton occupied a house of plaintiff's from 1826 to 1838, at $150 per year. The whole amount of rent claimed for twelve years was $1,810; during which time defendant paid at different times $1,030; leaving on the 25th of March 1838, when the property was given up, a balance of $780.
The question was, whether defendant was bound to pay interest only on the balance of $780, (which the administrator was willing to do,) or on the rent claimed for each year, from the end of the year, there being no agreement between the landlord and tenant in respect to the interest. The question argued was whether interest on arrears of rent was recoverable in the action of debt.
Guthrie. — Wherever there is a contract to pay a certain sum, at a certain day, interest is recoverable from that day, for non-payment. [3 Am. Dig. 5434; 1 Hayw. Rep. 4, 173; 4Johns. Rep. 183; 15 East. Rep. 119, n.] Such is the practice; except in case of distress and avowry for Tent arrear, where the court has, from the wording of the act of assembly, restrained the recovery to the rent arrear, without interest. [4 Harr.Rep. 330; Dig. 364.]
Rodney. — Rent stands upon peculiar grounds, because the landlord has a summary remedy for its recovery. Interest is not allowable, *Page 124 
except on the ground of contract or usage. There was no contract in this case for payment of interest, and there is no usage authorizing the recovery of interest on rent arrear. [3 Kent's Com. 483, n., (6th Ed.;) 6 Johns. Rep. 43; 1 ib. 275; 3 Hen. Munf. Rep. 46, 3, Cook vs. Wise;ib. 472, Newton vs. Wilson.] Rent and interest are profits, and on the same principle that interest is not allowed on interest, it is not allowed on rent.
Guthrie. — The remedy by distress is a benefit to the landlord, and cannot be used to his prejudice. If he waives this remedy and sues in debt, there is no reason why he should not recover damages for the detention of his rent after it was due. [4 Harr. Rep. 330.]
 Judgment for plaintiff for the sum claimed, with interest.